UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

W<small>ATSON</small> M<small>USIC</small> G<small>ROUP</small>, LLC. <small>D/B/A</small>
Q<small>UADRASOUND</small> M<small>USIC</small>,

          Plaintiff,

      v.

CPPM L<small>EASING</small> LLC,

          Defendant.
_____/

Case No:

DEMAND FOR JURY TRIAL

## COMPLAINT

Plaintiff Watson Music Group, LLC. d/b/a Quadrasound Music ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant CPPM Leasing LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein owns the right to certain musical works which Plaintiff licenses for commercial use.

3. Defendant owns and operates a social media account on Facebook at www.facebook.com with the name "Bank of America Plaza Atlanta" (the "*Account*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or made available Plaintiff's copyrighted material on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff is a Florida limited liability company with a principal place of

business in Broward County, Florida.

6. Upon information and belief, Defendant CPPM Leasing LLC, is a Florida limited liability company with a principal place of business at 5355 Town Center Rd, Suite 350, Boca Raton in Palm Beach County, Florida.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over CPPM Leasing LLC because it maintains its principal place of business in Florida.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because CPPM Leasing LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A. **Plaintiff's Copyright Ownership**

10. On December 1, 1997, Jay McGown, Nathaniel Orange p/k/a Lemonhead, and Van Bryant p/k/a 69 Boyz authored a musical work titled "Space Jam" (the "*Musical Work*").

11. The Musical Work was registered with the USCO on May 1, 1997, under Registration No. PA-844-835

12. Plaintiff acquired all rights to the Musical Work by way of written agreement on July 30, 2019.

B. **Defendant's Infringing Activity**

13. On or about April 12, 2019, Defendant posted a discernable excerpt of the Musical Work on the Account at URL https://www.facebook.com/BoAPlazaAtlanta/posts/267733252217436. A copy of a screengrab of the Account including the post where the Musical Work was made available is attached hereto as Exhibit 1.

14. Plaintiff first observed and actually discovered the Infringement on January 20, 2023.

15. Thereafter, on March 28, 2023, Plaintiff, via counsel, notified Defendant by physical and electronic mail of the unlicensed use of the Musical Work to no avail.

16. The Account is associated with Defendant.

17. Defendant has exclusive access to post content on Defendant's Account.

18. Defendant uses its Account to promote both its business and brand whereby Defendant financially benefits.

19. Upon information and belief, the Musical Work was copied, stored, distributed without license or permission by Defendant on the Account to be performed publicly by means of a digital audio transmission, thereby infringing on Plaintiff's exclusive rights in the copyrighted work (hereinafter the "*Infringement*").

20. The Infringement is an exact copy of a discernable portion of Plaintiff's Musical Work that was copied and made available by Defendant for public performance on the Account.

21. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, the material made available via the Account.

22. Upon information and belief, the Musical Work was willfully and volitionally posted to the Account by Defendant.

23. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

24. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Account.

25. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had

the right and ability to exercise such right.

26. Upon information and belief, Defendant monitors the content on its Account.

27. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

28. Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an increase in the applicable revenues generated by its services.

29. Upon information and belief, a large number of people have listened to the unlawful copy of the Musical Work on the Account.

30. Upon information and belief, Defendant at all times had the ability to stop the reproduction and rendition of Plaintiff's copyrighted material.

31. Defendant's use of the Musical Work harmed the actual market for the Musical Work.

32. Defendant's use of the Musical Work, if widespread, would harm Plaintiff's potential market for the Musical work.

33. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

34. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

35. The Musical Work is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

36. Plaintiff has not licensed Defendant the right to use the Musical Work nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

37. Without permission or authorization from Plaintiff and in willful

violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed and publicly performed by means of a digital audio transmission works owned by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

38. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Musical Work in violation of Title 17 of the U.S. Code, in that they used for commercial benefit the original and unique Musical Work of the Plaintiff without Plaintiff's consent or authority.

39. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

40. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

41. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

42. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Musical Work in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. finding that Defendant infringed upon Plaintiff's copyright interest in the Musical Work by copying without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505

e. for pre judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: June 7, 2023

SANDERS LAW GROUP

By: __/s/ Craig Sanders__
Craig Sanders, Esq. (Fla Bar 985686)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 127395
*Attorneys for Plaintiff*